# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRETT C. TITTLE,**

    **Plaintiff,**

    v.                                                          Case No. 07-C-739

**STATE OF WISCONSIN,**
**JOHN DOE, and JANE DOE,**

    **Defendants.**

---

## ORDER DISMISSING CASE

---

Plaintiff, Brett C. Tittle, a prisoner at the Milwaukee County Jail, lodged this pro se civil rights action under 42 U.S.C. § 1983. Now, matter is before the court on the plaintiff's petition to proceed in forma pauperis.

The plaintiff has been assessed an initial partial filing fee of $12.31 and has paid $13.00. Consequently, the court is required to screen the complaint inasmuch as it seeks relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the plaintiff–prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). Therefore,

the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

<u>Complaint Allegations</u>

Plaintiff Tittle is detained at the Milwaukee County Jail and sues defendants State of Wisconsin, John Doe, and Jane Doe. According to the complaint, on May 11, 2007, Tittle filed a civil action in Milwaukee County Circuit Court, Case Number 2007CV005265, that was assigned to Judge Elsa C. Lamelas. Tittle's Milwaukee County lawsuit seeks $1.4 million from each of four individual defendants who allegedly conspired to defame his character and invaded his privacy.

In the instant action, Tittle claims that his constitutional rights have been violated due to delays and cancelled hearings, among other things, in his Milwaukee County case. Specifically, Tittle asserts that on June 11, 2007, he filed a "writ of attachment" with the court pursuant to Wis. Stat. §§ 811.02 and 812.02 titled "garnishment before and after judgment." On June 21, 2007, Tittle served the defendants a copy of the summons and complaint at their home addresses in Milwaukee County. Proof of service on two defendants was filed with the Milwaukee County court on July 3, 2007. Tittle alleges that other records show the number of attempts by a sheriff's deputy who tried to serve the summons and complaint on two of the defendants at their home addresses. The Milwaukee County deputy attempted to serve one of the defendants at her place of employment, however, he apparently spelled the defendant's last name wrong and was unsuccessful in serving her. Tittle petitioned the court to approve an order to direct the sheriff's deputy to the other defendant's place of employment with the correct name.

On July 10, 2007, the Milwaukee County Clerk's Office received Tittle's motion for default judgment with respect to the two defendants who were served because they failed to answer the complaint timely. On July 12, 2007, Tittle telephoned the chambers of Judge Lamelas and was informed that a hearing would be held the following day. However, he does not indicate whether the hearing took place. On July 16, 2007, Tittle phoned Judge

3

Lamelas' chambers again and was told that a hearing would be held on July 30, 2007. Tittle placed yet another call to Judge Lamelas' chambers on July 30, 2007, and was informed that a new calendar call was scheduled for August 10, 2007. Then, Tittle wrote a letter the Milwaukee County Circuit Court Chief Judge Kitty Brennan indicating his concern that the court was not following due process in his case.

On July 27, 2007, Tittle received in the mail a copy of a civil court record from the clerk's office. Thereafter, Tittle called Judge Lamelas' chambers and was told that another calendar call was scheduled for August 6, 2007. No explanation for the delay was given. On August 13, 2007, Tittle called the judge's chambers a fourth time and was told that another calendar call was scheduled for August 17, 2007.

Tittle then learned from the Milwaukee Journal Sentinel's real estate section that the home of two of the defendants was sold on July 13, 2007, two days before they were to respond to the complaint in Case Number 2007CV005265. A motion for production of the sale records was sent to the defendants and to the court, but Tittle received no response from the court.

Tittle asserts that procedures in his state case were not in accordance with the Wisconsin Statutes, that deliberate actions have been undertaken by state actors, and that these acts will continue until they decide to dismiss his case for whatever reason. Tittle further asserts that the actions in his state case demonstrate deliberate indifference.

Tittle maintains that "[i]t is a well-established fundamental and constitutional right for an inmate to have access to the courts and to prove a violation that my rights are being manipulated and denied these acts show and prove that some quantum of detriment caused by the challenged conduct of state officials resulting in interruption and delay of my pending and contemplated litigation." (Compl. at [unpaginated] 8.) He further claims that

4

unknown state actors have and continue to manipulate and violate civil and constitutional law by denying him access to the court, procedural due process, and equal protection of the law. For relief, Tittle seeks the names of the John and Jane Doe defendants so that they can be listed as defendants, $5 million in compensatory and punitive damages, and that Case Number 2007CV005265 be ruled on immediately.

### Plaintiff's Motion to Substitute and Add Additional Defendants

On September 10, 2007, Tittle filed a Motion to Substitute and Add Additional Defendants in which he identifies the John and Jane Doe defendants. According to the motion, on September 2, 2007, Tittle received a police report written by Officer Mark Rooney of the Brown Deer Police Department. In the police report, one of the defendants in Tittle's Milwaukee County case complained of being sued by Tittle and Officer Rooney assured the defendant that the lawsuit would not amount to anything. The police report further states that Officer Rooney forwarded the information to Assistant District Attorney Alexander Sklenarz for consideration of criminal charges against Tittle and that he would have the assistant district attorney obtain an order barring Tittle from the courts. Tittle asserts that now he knows why his lawsuit is not going anywhere, "as the police officer assured the defendants in his civil case as all the courts do is set calendar call dates one after another[.]" (Pl.'s Mot. to Amend at 2.) Thus, Tittle identifies John Doe as Officer Mark W. Rooney and Jane Doe as Assistant District Attorney Alexander Sklenarz. Furthermore, Tittle seeks leave to add Brown Deer Police Chief Steven Rinzel as a defendant because "all of these defendants have conspired to deny me and manipulate my right to access of the courts[.]" (Pl.'s Mot. to Amend at 3.) According to Tittle, "the record shows the government's discriminatory selection is based on a desire to prevent this exercise and is

5

motivated by a personal vindictiveness on the part of the police department and the part of the prosecution and or the responsible members of the court's administration." Id.

## Analysis

In sum, Tittle's complaint charges that there have been problems and/or delays in serving two of the four defendants in Milwaukee County Case Number 2007CV005265; that several calendar call hearings from that case have been delayed; and that the home of two of the defendants was sold two days before those defendants were to answer the complaint. Furthermore, Tittle's motion to amend alleges that the two John Doe defendants, identified as Officer Rooney and Assistant District Attorney Sklenarz have conspired to deny him access to the courts in Case Number 2007CV005265.

As an initial matter, Tittle cannot directly sue the State of Wisconsin in this court because Eleventh Amendment immunity bars the action. *See MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993); *see also Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) ("[S]tate and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983."). Thus, the State of Wisconsin is not a proper defendant in this suit.

Next, to the extent that Tittle seeks to sue Officer Rooney and Assistant District Attorney Sklenarz for interfering with his access to the court in his Milwaukee County case, he lacks standing to pursue the claim. To invoke federal jurisdiction, a plaintiff must demonstrate: (1) an "injury in fact;" (2) a causal link between the injury and defendant's action; and (3) that a favorable decision will likely remedy the injury. *Swierakowski v. Ryan,* 223 F.3d 440, 442-43 (7th Cir. 2000). An "injury in fact" is "an invasion of a legally recognized interest which is concrete and particularized, actual or imminent, and not conjectural or hypothetical." *Id.* In short, Tittle must demonstrate "a real and immediate

danger that the alleged harm will occur." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Even though it is proceeding slower than he likes, Tittle's Milwaukee County case is ongoing and prejudice to his claims in that matter is speculative at best.

Finally, Tittle's main concern appears to be delays in his Milwaukee County case. However, Officer Rooney and Assistant District Attorney Sklenarz have no control over the judge's calendar, despite what Tittle may believe. The judge's decision to schedule dates or enter orders in a case are judicial acts with respect to which the judge has absolute judicial immunity. *Lowe v. Letsigner*, 772 F.2d 308, 312 (7th Cir. 1985); *see also Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).

Hence, Tittle has provided no arguable basis in law or fact to support his claims his constitutional rights have been violated by the defendants. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 [7th Cir. 1988], aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 [1989]).

Now, therefore,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to substitute party and motion to add additional defendant (Doc. #6) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

7

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $337.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be identified clearly by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 27th day of November, 2007.

                BY THE COURT

                s/ C. N. CLEVERT, JR.
                C. N. CLEVERT, JR.
                U. S. DISTRICT JUDGE